[No. 6541.    Decided December 18, 1907.]

THE STATE OF WASHINGTON, *Appellant*, v. GEORGE M. NETHERCUTT, *Respondent*.[1]

EXTORTION — THREATS — ELEMENTS OF OFFENSE — COMMON LAW OFFENSES. Under the common law, it was not an indictable offense to extort money by threatening to institute a criminal prosecution against the party defrauded, since the threat is not of personal violence or such as to overcome a firm and prudent man.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 6, 1906, dismissing a prosecution for the crime of extorting money by threats. Affirmed.

*R. M. Barnhardt, Fred C. Pugh*, and *A. J. Laughon*, for appellant.

*George M. Nethercutt*, for respondent.

[1]Reported in 92 Pac. 938.

PER CURIAM.—The following complaint, omitting formal parts, was filed against the defendant before one of the justices of the peace of Spokane county:

"That on or about the 20th day of August, 1905, and within one year next before the making of this complaint, at the county of Spokane, state of Washington, the said defendant, George M. Nethercutt, then and there being, did then and there unlawfully, feloniously, wilfully, maliciously and verbally threaten said Collin to accuse him, said Collin, of having committed the crime of bribery, with intent then and there and thereby to extort money and other pecuniary advantage from said Collin and to extort from said Collin a certain contract purporting to be a contract of employment by said Collin of said Nethercutt as and for the attorney at law and in fact of said Collin."

The appellant was found guilty by the justice, and sentenced to pay a fine of $100, and costs of prosecution. The cause was then removed to the superior court, where a motion to quash the complaint was interposed, on the ground that the facts charged did not constitute a crime. This motion was sustained, and from a judgment of dismissal the present appeal is prosecuted.

The only statute we have on the subject of extorting money by threats is Bal. Code, § 7086 (P. C. § 1591), which reads as follows:

"If any person, either verbally or by any written or printed communication, shall maliciously threaten any injury to the person or property of another, with intent thereby to extort money or any pecuniary advantage whatever, or to control the person so threatened to do any act against his will, he shall, upon conviction thereof be imprisoned in the county jail not more than one year nor less than one month, or be fined in any sum not exceeding five hundred dollars nor less than one hundred dollars."

This section extends only to malicious threats to injure person or property, and the state concedes that the complaint fails to charge a crime thereunder. It contends, however, that

the complaint charges a common law offense under Bal. Code, § 6774 (P. C. § 1545), which provides that, "For all offenses at common law which are not hereinafter defined by statute, the offender may be tried in the superior courts of this state." The respondent, on the other hand, contends that the complaint does not charge a common law crime, and that if it does the common law on the subject of threats has been superseded by the above section of the code. The treatises of men learned in the law and the judicial records of the courts of justice in England are the repositories of the common law. When we look to these sources for a definition of the crime of extortion by threats we find little to aid us.

"So much doubt was entertained as to the law on this subject that statutory provisions have been made in *England* and in many of the *United States* which make it a distinct offense to extort money by threats of accusation of felony." 24 Am. & Eng. Ency. Law (2d ed.), p. 1001.

An examination of the English cases and of the text books tends strongly to confirm the above statement. In *Queen v. Woodward*, decided by Lord Holt, C. J., in 1707, it was held that,

"Every extortion is an actual trespass, and an action of trespass will lie against a man for frighting another out of his money. If a man make use of a process of law to terrify another out of his money, it is such a trespass as an indictment will lie for." 11 Mod. 137.

About a century later the same question was considered at length by the court of King's Bench in the *King v. Southerton*, 6 East. 125, where Lord Ellenborough, C. J., said:

"To obtain money under a threat of any kind, or to attempt to do it, is no doubt an immoral action; but to make it indictable, the threat must be of such a nature as is calculated to overcome a firm and prudent man. Now the threat used by the defendant, at its utmost extent, is no more than that he would charge the party with penalties for selling medicines

without a stamp. That is not such a threat as a firm and prudent man might not and ought not to have resisted."

And in reference to the case of the *Queen v. Woodward*, the learned judge said:

"Then, what authority is there for considering these as offenses at common law? The principal case relied on is, that of the Queen v. Woodward and others, which was, where the defendants, having another man in their actual custody at the time, threatened to carry him to gaol, upon a charge of perjury and obtained money from him under that threat, in order to permit his release. Was not that an actual duress, such as would have avoided a bond given under the same circumstances? But that is very unlike the present case which is that of a mere threat to put process in a penal action in force against the party. The law distinguishes between threats of actual violence against the person, or such other threats as a man of common firmness cannot stand against and other sorts of threats."

Again,

"But this is a case of threatening, and not of deceit: And it must be a threat of such a kind as will sustain an indictment at common law; according to one case, either attended with duress; or according to others, such as may overcome the ordinary free will of a firm man, and induce him from fear to part with his money. The present case is not like any of those; it is a mere threat to bring an action which a man of ordinary firmness might have resisted."

This conclusion was concurred in by Grose and Lawrence, JJ. Under the authority of the case just cited, it is manifest that the complaint does not charge a common law offense. A reference to text books throws but little light on the subject under discussion. They contain the general statement that the extortion of money by threats was, or was not, indictable at common law, citing, the *Queen v. Woodward* or the *King v. Southerton, supra.*

We are therefore of opinion that the common law on the subject under consideration is so doubtful and uncertain that the respondent is entitled to the benefit of the doubt, and that the judgment should be affirmed. It is so ordered.